IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,                            ORDER

  v.                                    07-CR-126-WMC-01

MARTEZ MOORE,

        Defendant.

---

A hearing on the probation office's petition for judicial review of Martez Moore's supervised release was held on April 23, 2012, before U.S. District Judge William M. Conley. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, Peter A. Bartelt. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on January 24, 2008, following his conviction for possession with intent to distribute cocaine base (crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 30 months, with a 36-month term of supervised release to follow.

Defendant began his first term of supervised release on September 6, 2009. On September 2, 2010, defendant appeared for a judicial review hearing based on violations of

his supervised release conditions, which included his arrest for trespassing, failure to notify his probation officer of police contact, and failure to comply with drug testing. In lieu of revocation, this court modified his conditions of supervised release to include a placement at a residential reentry center.

On December 9, 2010, defendant again appeared for a judicial review hearing based on the violations addressed at his September 2, 2010, judicial review, and his failure to successfully complete his residential reentry center placement and failure to submit written monthly reports as required. Defendant's supervised release was revoked and he was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of six months, with an 18-month term of supervised release to follow.

On March 2, 2011, defendant began his second term of supervised release. On October 29, 2011, he violated the mandatory condition prohibiting him from committing another federal, state, or local crime; Standard Condition No. 7 prohibiting him from the excessive use of alcohol and prohibiting him from the purchase, possession, use, distribution or administration of any narcotic or controlled substance; and, Special Condition No. 4 prohibiting him from the use of alcohol. Specifically, defendant was arrested and charged with operating a motor vehicle while under the influence of alcohol (1st offense), and operating a motor vehicle with a prohibited alcohol content of .08 but less that .1 (1st offense). He was also found in possession of 5.9 grams of marijuana, and charged with possession of marijuana. On December 1, 2011, defendant pled no contest to all three charges and was assessed fines totaling $2,773.

## Revocation

I find by a preponderance of the evidence, as well as defendant's admission of guilt by pleading no contest to possessing marijuana, that he illegally possessed a controlled substance. This is normally a Grade B violation, which Title 18 U.S.C. § 3583(g)(1) mandates revocation of the term of supervised release for possession of a controlled substance. The statutory maximum to which defendant can be sentenced upon revocation is 18 months, based on his original conviction for a Class C felony and his previous revocation sentence of six months' custody. Nevertheless, extenuating circumstances lead me to find defendant's conduct falls into the category of a Grade C violation. Even with this favorable finding, the statutory maximum term of imprisonment to which defendant may be sentenced upon revocation remains 18 months, based on his original conviction for a Class C felony and his previous revocation sentence of six months' custody. Accordingly, defendant's violations warrant revocation and the 18-month term of supervised release imposed on defendant on December 9, 2010, will be revoked.

With a Grade C violation and a criminal history category of IV, defendant has a guideline range of imprisonment of 6 to 12 months pursuant to § 7B1.1(a0(3) of the guidelines. The statutory maximum to which defendant can be sentenced upon revocation is 18 months, based on his original conviction for a Class C felony and his previous revocation sentence of six months' custody.

## Sentence

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence

3

is to hold defendant accountable for his violations, and for specific and general deterrence.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on December 9, 2010, is REVOKED and defendant is sentenced to a 90-day term of imprisonment with credit for time served for his appearance today. A 15-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect, with the exception of Special Condition No. 5 ordering defendant to spend up to 120 days in a residential reentry center which shall be suspended, and with the addition of the following special condition:

Special Condition No. 6: "Participate for a period of 180 days in a home detention program that may include location monitoring. During this time, defendant shall remain at his residence every day from 9:00 p.m. to 7:00 a.m. as approved by the supervising U.S. probation officer. Defendant shall not be responsible for the cost of location monitoring."

The probation office is to notify local law enforcement agencies and the state attorney general of the defendant's release to the community.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration and supervision.

Entered this 23rd day of April, 2012

BY THE COURT:

William M. Conley
U.S. District Judge

4